IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SANTIAGO GOMEZ,

                    Plaintiff,            Civil Action No.
                                          9:14-CV-0201 (DNH/DEP)

        v.

HAROLD G. GRAHAM, *et al.*,

                    Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:

SANTIAGO GOMEZ, *Pro Se*
13-A-2110
Adirondack Correctional Facility
Box 110
Ray Brook, NY 12977

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Santiago Gomez, a New York State prison inmate,

has commenced this action pursuant to 42 U.S.C. § 1983 alleging that the

defendants denied him of his civil rights. Plaintiff's second amended

complaint ("SAC"), the currently operative pleading, has been referred to me for review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, I recommend plaintiff's SAC be accepted for filing, with the exception of his unlawful search, conspiracy, due process, and medical indifference claims.

I.      BACKGROUND

Plaintiff commenced this action on February 27, 2014, by the filing of a complaint, accompanied by a motion for a temporary restraining order and preliminary injunction.[1] Dkt. Nos. 1, 2. Because plaintiff failed to pay the filing fee or submit an application to proceed in the action *in forma pauperis*, the court administratively closed the action on March 4, 2014. Dkt. No. 3. Once plaintiff submitted the full filing fee, however, the case was reopened on March 11, 2013. Dkt. Nos. 4, 5. While plaintiff's complaint was awaiting initial review by the court pursuant to 28 U.S.C.

---

[1]      Plaintiff's motion for injunctive relief is solely related to his claim that searches of female visitors to New York prisons violates those individuals' constitutional rights. *See generally* Dkt. No. 2. As discussed more completely below in Part II.B.1., however, because plaintiff lacks standing to assert that claim, I recommend that plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 2) be denied as moot.

1915A, plaintiff filed a first amended complaint, which was thereafter superseded by the SAC, filed on July 2, 2014.[2] Dkt. Nos. 8, 14.

Plaintiff's SAC describes events and challenges practices encountered by him while confined by the New York State Department of Corrections and Community Supervision ("DOCCS") at the Auburn Correctional Facility ("Auburn"), Upstate Correctional Facility ("Upstate"), Adirondack Correctional Facility ("Adirondack"), and Downstate Correctional Facility ("Downstate"). *See generally* Dkt. No. 14. The causes of action asserted in plaintiff's SAC include (1) a claim against defendant Harold Graham, the superintendent at Auburn, alleging that the practice of subjecting female visitors to searches is unlawful; (2) a claim of retaliation against defendants D. Murray, J. Wright, Borden, Neale and Fletcher, and Sergeant Hahn, all of whom are DOCCS corrections employees stationed at Auburn, alleging that they took adverse action against him in retaliation for his having filed grievances; (3) a procedural due process claim against defendants Graham, Murray, Hahn, and Wright based upon an alleged

---

[2]     Ordinarily, a plaintiff may only amend a complaint once as a matter of course, without court leave, within twenty-one days after serving it or after the filing of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a); *see also D'Antuano v. City of Niagara Falls*, 175 F.R.D. 32, 33 (W.D.N.Y. 1997). Leave to file the SAC in this case, however, was granted by the court in the interest of justice, given the fact that the case is still in its infancy and summonses have not yet been issued and served. *See Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983) ("[T]he grant or denial of leave to amend is within the discretion of the district court[.]").

conspiracy to file a false misbehavior report causing plaintiff to be placed in disciplinary confinement; (4) an excessive force cause of action against defendants Borden, Neale, Fletcher, and Hahn; (5) a conditions-of-confinement claim against defendants Murray, Wright, Hahn, and Graham; (6) a claim against defendant Hahn for failure to intervene and protect plaintiff from harm; and (7) a claim of deliberate medical indifference against defendant Wright based upon the filing of a false misbehavior report causing him to be denied prescription medication and medical treatment for his injuries following the alleged assault upon the plaintiff. *Id.* at 19-22. Plaintiff's complaint seeks awards of nominal, compensatory, and punitive damages, as well as declaratory and injunctive relief. *Id.* at 23.

II.    DISCUSSION

A.    Standard of Review

Because plaintiff was incarcerated at the time this action was commenced, and his complaint seeks redress from governmental employees, the court is required to screen the complaint and dismiss any claims deemed to be frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; *Carr v. Dvorn*, 171 F.3d 115 (2d Cir. 1999) (per curiam); *see also* 28 U.S.C. § 1915(e)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that. . . the action or appeal . . . is frivolous or malicious. . . [or] fails to state a claim upon which relief may be granted[.]"). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis.").

When reviewing a complaint under section 1915A, the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*

(citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged–but it has not 'show[n]'–'that the pleader is

entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which

"establishes a cause of action for 'the deprivation of any rights, privileges,

or immunities secured by the Constitution and laws' of the United States."

*German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573

(S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508

(1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive

rights[,] . . . but merely provides 'a method for vindicating federal rights

elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225

(2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In order to state a claim pursuant to section 1983, a plaintiff must allege

"(1) 'that some person has deprived him of a federal right,' and (2) 'that the

person who has deprived him of that right acted under color of state . . .

law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

      B.      <u>Analysis of Plaintiff's Claims</u>

            1.     <u>Unlawful Search</u>

Plaintiff's first cause of action complains of the practice of searching female visitors arriving at DOCCS facilities, including plaintiff's wife, but fails to describe how the search practices affect plaintiff directly. Dkt. No. 14 at 4-7, 19. "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Arising from the case and controversy requirement of Article III of the Constitution, "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute[.]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Clapper v. Amnesty Int'l*, 133 S. Ct. 1138 (2013). The standing requirement is reflective of "an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quotation marks omitted). To establish standing for purposes of the constitutional "case or controversy" requirement, a plaintiff must show that

he personally has suffered an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 133 S. Ct. at 1147 (quotation marks omitted).

In this instance, plaintiff's SAC fails to demonstrate that he has suffered a tangible or threatened injury as a result of defendants' search practices applicable to visitors at DOCCS facilities. Dkt. No. 14 at 4-7, 19. Accordingly, I recommend dismissal of that cause of action without prejudice.

### 2.   Retaliation

Plaintiff's second cause of action alleges that he was subjected to unlawful retaliation by defendants Murray, Hahn, Wright, Borden, Fletcher, and Neale for having complained of and filed grievances regarding various prison conditions. Dkt. No. 14 at 7-9, 11-12, 15-17, 19.

A cognizable section 1983 retaliation claim lies when prison officials take adverse action against an inmate that is motivated by the inmate's exercise of a constitutional right, including the free speech provisions of the First Amendment. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). To state a *prima facie* claim under section 1983 for retaliatory conduct, a plaintiff must advance non-conclusory allegations establishing

that (1) the conduct at issue was protected, (2) the defendants took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the prison officials' decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 99-CV-2065, 2003 WL 22299359, at *4 (N.D.N.Y. Oct. 3, 2003) (Sharpe, M.J.).

In this case, plaintiff's retaliation claims are based on allegations that, in retaliation for his filing grievances against DOCCS employees, including the superintendent at Downstate and defendants Murray and Hahn, his legal papers were confiscated, and he was denied access to the law library, placed in disciplinary confinement without justification, issued false misbehavior reports, assaulted, and subjected to an unjustified cell search. Dkt. No. 14 at 7-9, 11-12, 15-17. It is well-settled that filing a grievance is constitutionally protected conduct. *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). At this early juncture of the proceedings, I find the allegations of adverse action suffice to pass muster under an initial review

of the SAC pursuant to section 1915A. *See, e.g., Gill v. Pidlypchak*, 389
F.3d 379, 384 (2d Cir. 2004) ("[The plaintiff] sufficiently alleged . . .
adverse action on the part of the defendants – the filing of false
misbehavior reports against [him] and his sentence . . . – that would deter
a prisoner of ordinary firmness from vindicating his . . . constitutional rights
through the grievance process[.]"); *Jean-Laurent v. Lane*, No. 11-CV-0186,
2013 WL 600213, at *10 (N.D.N.Y. Jan. 24, 2013) (Dancks, M.J.), *report
and recommendation adopted by* 2013 WL 599893 (N.D.N.Y. Feb. 15,
2013) (Mordue, J.), ("Destruction of Plaintiff's legal material and
documents for his Second Circuit appeal constitutes an adverse action for
purposes of the retaliation analysis."); *Cole v. N.Y. State Dep't of Corrs.
Servs.*, No. 10-CV-1098, 2012 WL 4491825, at *13 (N.D.N.Y. Aug. 31,
2012) (Dancks, M.J.), *report and recommendation adopted by* 2012 WL
4506010 (N.D.N.Y. Sept. 28, 2012) (Mordue, J.) ("An assault by
corrections officers is sufficient to chill a person of ordinary firmness from
continuing to engage in his First Amendment activity.").

     3.   <u>Due Process</u>

Plaintiff's third cause of action purports to assert a procedural due
process cause of action against defendants Graham, Murray, Hahn, and
Wright. Dkt. No. 14 at 20. The focus of that claim, however, is that those

individuals conspired together to arrange for the issuance of a false misbehavior report that led to plaintiff's disciplinary confinement. Liberally construed, then, plaintiff's third cause of action asserts a conspiracy, rather than a due process, claim. Because "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report," however, plaintiff's claim that some of the defendants conspired to issue him false misbehavior reports is not cognizable under section 1983. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). I therefore recommend that plaintiff's third cause of action be dismissed without prejudice.[3]

---

[3]     Even if the court were to construe plaintiff's SAC as asserting a due process claim arising from the disciplinary proceeding following the issuance of a misbehavior report, I would recommend it be dismissed without prejudice because the SAC lacks the requisite factual allegations to support such a claim. To establish a procedural due process claim under section 1983, a plaintiff must show that he (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996). The procedural safeguards to which a prison inmate is entitled before being deprived of a constitutionally cognizable liberty interest are well established, the contours of the requisite protections having been articulated in *Wolff v. McDonnell*, 418 U.S. 539, 564-69 (1974). Under *Wolff*, the constitutionally mandated due process requirements include (1) written notice of the charges to the inmate; (2) the opportunity to appear at a disciplinary hearing and a reasonable opportunity to present witnesses and evidence in support of his defense, subject to a prison facility's legitimate safety and penological concerns; (3) a written statement by the hearing officer explaining his decision and the reasons for the action being taken; and (4) in some circumstances, the right to assistance in preparing a defense. *Wolff*, 418 U.S. at 564-70; *see also Luna v. Pico,* 356 F.3d 481, 487 (2d Cir. 2004). To pass muster under the Fourteenth Amendment, a hearing officer's disciplinary determination must garner the support of at least "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Luna,* 356 F.3d at 487-88. In this case, even construed with the

4.   Excessive Force

Plaintiff's fourth cause of action alleges the use of excessive force by defendants Borden, Neale, Fletcher, and Hahn based upon their alleged assault of plaintiff on or about May 13, 2014. Dkt. No. 14 at 15, 20. This claim is grounded in the Eighth Amendment, which protects inmates against cruel and unusual punishment, and is violated by an "unnecessary and wanton infliction of pain." *Whitley v. Albers,* 475 U.S. 312, 319 (quotation marks omitted); *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir. 1999). Having reviewed plaintiff's allegations concerning the alleged assault by the defendants named in this cause, I find that it is sufficient to pass initial muster under section 1915A.

5.   Conditions of Confinement

Plaintiff's fifth cause of action is based on allegations that he was exposed to cruel and unusual punishment when he was forced to remain in restraints during two visits from outside individuals. In addition, liberally

---

utmost liberality, the SAC only alleges that the disciplinary hearing commenced, and was adjourned, on December 13, 2013, and was not completed "within 14-days as out-lined in [7 N.Y.C.R.R. § 251.5-1.]" Dkt. No. 14 at 12-13. It is well established, however, that a violation of a state regulation, standing alone, does not give rise to a cognizable constitutional claim for purposes of section 1983. *Hernandez v. Selsky*, No. 04-CV-0552, 2006 WL 566476, at *4 (N.D.N.Y. Mar. 7, 2006) (Kahn, J., *adopting report and recommendation by* Lowe, M.J.); *Harmon v. Escrow*, No. 08-CV-6381, 2012 WL 3560812, at *4 (W.D.N.Y. Aug. 16, 2012); *Barnes v. Henderson*, 628 F. Supp. 2d 407, 411 (W.D.N.Y. 2009).

construing the SAC, plaintiff alleges his Eighth Amendment rights were violated when, during a twenty-three day period of disciplinary confinement, he was denied recreation, meals, and access to toilet paper. *Id.* at 11, 13-14.

The Eighth Amendment prohibits punishment that is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society[,]' or[, as noted above,] 'involve[s] the unnecessary and wanton infliction of pain[.]'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958) and *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976) (citations omitted)). While the Eighth Amendment "'does not mandate comfortable prisons,' neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

Although it is not clear precisely which named-defendant in this action is responsible for the conditions of confinement challenged in this fifth cause of action, implicating section 1983's person involvement requirement,[4] I nonetheless conclude that, at this early stage, the allegations are sufficient to survive the court's initial review.

---

[4]    "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

6.      <u>Failure to Protect</u>

Plaintiff's sixth claim alleges that defendant Hahn failed to protect

him from the use of excessive by other DOCCS employees during a

meeting on May 13, 2014. Dkt. No. 14 at 15, 22. Law enforcement officers

have a duty to intervene and prevent a cruel and unusual punishment from

occurring or continuing. *Farmer*, 511 U.S. at 836 (1994); *Hayes v. New

York City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also

Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("[A]ll law

enforcement officials have an affirmative duty to intervene to protect the

constitutional rights of citizens from infringement by other law enforcement

officers in their presence."). A plaintiff asserting a failure to protect claim

must prove that the defendant actually knew of and disregarded an

excessive risk of harm to his health and safety. *Hayes*, 84 F.3d at 620.

This "reckless disregard" to a plaintiff's health and safety can be proven by

evidence establishing "a pervasive risk of harm to inmates . . . and a

failure by prison officials to reasonably respond to that risk." *Knowles v.

N.Y. City Dep't of Corrs.*, 904 F. Supp. 217, 222 (S.D.N.Y. 1995)

(quotation marks omitted). Said differently, to establish liability on the part

of a defendant under this theory, "the plaintiff must adduce evidence

establishing that the officer had (1) a realistic opportunity to intervene and

prevent the harm, (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated, and (3) that officer does not take reasonable steps to intervene." *Henry v. Dinelle*, No. 10-CV-0456, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (Suddaby, J.) (citing *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

In this instance I find that the allegations in the SAC suffice to suggest that the alleged assault on May 13, 2014, took place in the presence of defendant Hahn, and, accordingly, the duty to intervene to prevent the alleged assault was triggered. Dkt. No. 14 at 15. I therefore find that this cause of action is adequately stated for purposes of review under section 1915A.

### 7. Deliberate Medical Indifference

Plaintiff's final claim alleges that defendants Hahn and Wright were deliberately indifferent to his serious medical needs. Dkt. No. 14 at 22. Undeniably the government is obligated to provide adequate medical care for incarcerate individuals under the Eighth Amendment. *Estelle*, 429 U.S. at 102-03. A claim alleging that prison officials have violated an inmate's Eighth Amendment rights by inflicting cruel and unusual punishment must satisfy both objective and subjective requirements. *Wright v. Goord*, 554

F.3d 255, 268 (2d Cir. 2009. To satisfy the objective requirement, the

Second Circuit has said that

> [d]etermining whether a deprivation is an objectively
> serious deprivation entails two inquiries. The first inquiry
> is whether the prisoner was actually deprived of
> adequate medical care. As the Supreme Court has
> noted, the prison official's duty is only to provide
> reasonable medical care . . . . Second, the objective test
> asks whether the inadequacy in medical care is
> sufficiently serious. This inquiry requires the court to
> examine how the offending conduct is inadequate and
> what harm, if any, the inadequacy has caused or will
> likely cause the prisoner.

*Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (citations

omitted). To satisfy the subjective requirement, a plaintiff must

demonstrate that the defendant had "the necessary level of

culpability, shown by actions characterized by 'wantonness.'" *Blyden*

*v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

In this instance, the SAC merely alleges that plaintiff was "denied

prescribed medication" and denied medical treatment after the assault,

including for back pain from which he allegedly continues to suffer. Dkt.

No. 14 at 22. None of those allegations, however, identify which defendant

is responsible for each alleged denial. *Id.* In addition, there are no

allegations plausibly suggesting that plaintiff's "back pain" or the condition

for which he receives prescribed medications are sufficiently serious to

satisfy the objective element of a deliberate medical indifference claim. *Id.*

Finally, the SAC fails to allege any facts plausibly suggesting that any of

the unidentified defendants allegedly involved in denying plaintiff adequate

medical care did so with the necessary level of culpability. *Id.* I therefore

recommend that count seven of plaintiff's second amended complaint be

dismissed without prejudice.

III.    SUMMARY AND RECOMMENDATION

Plaintiff's complaint, which contains an amalgamation of claims

based upon events occurring at several correctional facilities, sets forth

several causes of action, four of which are adequately stated for purposes

of an initial review under section 1915A, with the remaining claims being

subject to dismissal without prejudice.[5] Accordingly, it is hereby

respectfully

RECOMMENDED that plaintiff's second amended complaint (Dkt.

No. 14) be accepted for filing, and that the newly named defendants in the

second amended complaint be added to the court's docket sheet; and it is

further

---

[5]     The court expresses no opinion regarding whether the claims for which
dismissal is not recommended can survive a properly filed motion to dismiss or motion
for summary judgment.

RECOMMENDED that plaintiff's first, third, and seventh causes of action be DISMISSED without prejudice,[6] leaving intact plaintiff's retaliation claim (Count II) against defendant Murray, Wright, Borden, Neale, Fletcher, and Hahn; excessive force claim (Count IV) against defendants Borden, Neale, Fletcher, and Hahn; conditions of confinement claim (Count V) against defendants Murray, Wright, Hahn, and Graham; and failure to intervene claim (Count VI) against defendant Hahn; and it is further

RECOMMENDED that plaintiff's motion for a temporary restraining order and a preliminary injunction (Dkt. No. 2) be DENIED as moot; and it is further

RECOMMENDED that, upon adoption of this report and recommendation, the clerk be directed to issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants; and it is further

---

[6]     The dismissal of plaintiff's unlawful search, conspiracy, due process, and deliberate medical indifference causes of action are without prejudice to plaintiff's right to file a motion for leave to file a further amended complaint that corrects the pleading deficiencies described herein. Plaintiff is advised that any such motion must be supported by a proposed amended complaint that is a complete pleading intended to replace and supersede the SAC in its entirety. Any proposed amended complaint must allege claims of misconduct or wrongdoing against each named defendant that plaintiff has a legal right to pursue, and over which this court may properly exercise jurisdiction, and must comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

RECOMMENDED that the defendants be directed to file a response to the complaint as provided for in the Federal Rules of Civil Procedure following service of process on the defendants; and it is further

RECOMMENDED that the court order all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing**. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change**

**in plaintiff's address; his failure to do so will result in the dismissal of this action**.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     October 3, 2014
           Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge